United States District Court
Southern District of Texas
**ENTERED**
July 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DELMY F. R., <br> "Petitioner," | § <br> § <br> § | |
| v. | § <br> § | Civil Action No. 1:26-cv-00055 |
| PAM BONDI, *et al.*, <br> *in their official capacities*, <br> "Respondents." | § <br> § <br> § <br> § | |

## ORDER

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition"), "Respondents' Motion to Dismiss Petition for Writ of Corpus and/or Alternative Motion for Summary Judgment" (Dkt. No. 12) ("MTD"), the Magistrate Judge's "Report and Recommendation to Deny Petitioner's Habeas Petition" (Dkt. No. 16) ("R&R"), and "Petitioner's Motion for Summary Judgment" (Dkt. No. 17) ("MSJ").

The R&R recommends that this Court (1) deny the Petition (Dkt. No. 1), (2) deny the MTD (Dkt. No. 12) as moot, (3) deny the Motions for Default Judgment (Dkt. Nos. 13 & 15), and (4) direct the Clerk of the Court to close the case. Dkt. No. 16 at 1-2.

Objections to the R&R were due on July 7, 2026. *See* Dkt. No. 16. No formal objections were filed. Although Petitioner filed her MSJ during the objections period, *see* Dkt. No. 17, that motion simply repackages arguments presented to and addressed by the Magistrate Judge. Thus, since neither party objected to any specific factual finding or conclusion that would necessitate de novo review, the Court reviews the R&R for clear error.[1] Having found no clear error, the Court **ADOPTS** the R&R (Dkt. No. 16).

Turning to the MSJ, Petitioner renews her statutory and constitutional challenges to Respondents' detention authority under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 17. But the Magistrate Judge already examined Petitioner's statutory and constitutional claims against the record, concluding that Petitioner's detention remains authorized by 8 U.S.C. § 1225(b)(2)(A) under *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026) and within constitutional limits

---

[1] "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), Advisory Comm. Note (1983).

1

under *Demore v. Kim*, 538 U.S. 510, 531-532 (2003). Dkt. No. 16 at 1. Petitioner's MSJ advances the same theories and identifies no intervening authority, new evidence, or other basis warranting a different result.[2] *See generally* Dkt. No. 17. Because the Court has adopted the findings and conclusions of the R&R, and those findings and conclusions resolve the very statutory and constitutional questions on which the MSJ seeks judgment, the Court concludes that the MSJ is moot.

For these reasons, the Court hereby **ADOPTS** the R&R (Dkt. No. 16) and **DENIES** the Petition (Dkt. No. 1). Further, Petitioner's Motions for Default Judgment (Dkt. Nos. 13 & 15) is **DENIED**, while Respondents' MTD (Dkt. No. 12) and Petitioner's MSJ (Dkt. No. 17) are **DENIED as moot**. The Clerk of the Court is **INSTRUCTED** to close this case.

.

Signed on this 22nd day of July 2026.

Rolando Olvera
United States District Judge

---

[2] Petitioner appears to argue that because other district courts in this circuit have granted habeas relief on constitutional challenges to detention under 8 U.S.C. § 1225(b)(2)(A), she is entitled to the same. Dkt. No. 17 at 5. But this Court has consistently reviewed constitutional challenges to detention during removal proceedings against the principles established in *Demore*. *See, e.g., Gonzalez v. Warden*, 1:26-cv-00399 (S.D. Tex. May 19, 2026). While this Court reads *Demore* to contemplate circumstances in which detention under 8 U.S.C. § 1225(b)(2)(A) could approach constitutional limits, *see, e.g., Demore*, 532 U.S. at 532 (Kennedy, J., concurring), Petitioner does not present any facts or arguments—either before the Magistrate Judge or in her MSJ—that would raise to the level of unconstitutionality.

2